**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

SUMNER R. CULLOM, M. D. and
SUMNER R. CULLOM, M. D., P.A.                                      PLAINTIFFS

VS.                                   4:06CV01496-WRW

ARKANSAS DEPARTMENT OF HEALTH &
HUMAN SERVICES; CENTERS FOR MEDICARE
& MEDICAID SERVICES; AND MOLLY
CRAWSHAW, IN HER OFFICIAL CAPACITY
AS CHIEF OF SURVEY AND CERTIFICATION
OPERATIONS BRANCH OF THE CENTERS
FOR MEDICARE & MEDICAID SERVICES                              DEFENDANTS


## ORDER

Pending is Plaintiffs' Motion for a Temporary Restraining Order.[1]  In response,

Defendants filed a Motion to Dismiss,[2] to which Plaintiffs responded.[3]  Also pending is

Defendants' Motion for Reconsideration.[4]

A conference was held March 5, 2007 on the motions cited above.  At the end of the

conference, the parties were given an opportunity to file supplemental briefs, but no such briefs

were filed.

Plaintiffs, Dr. Cullom ("Cullom") and his clinic, Cullom P.A. ("the Clinic") sued

Defendants, the Arkansas Department of Health and Human Services ("ADHHS"), Centers for

---

[1]Doc. No. 2.

[2]Doc. No. 18.

[3]Doc. No. 29.

[4]Doc. No. 33.

Medicaid and Medicare Services ("CMS"), and Molly Crawshaw ("Crawshaw") under 42 U.S.C. § 1983. He is seeking declaratory relief, injunctive relief, and damages. Based on an agreement of the parties, the ADHHS was removed from the case, and the United States and CMS were substituted as the real parties in interest.[5]

## I. Background

Cullom is an Arkansas physician who is a qualified provider of Medicaid and Medicare services. An important part of his patient care is laboratory testing, which is operated by the Clinic. This action began after state and federal officials determined that the Clinic's laboratory did not comply with federal law.

All laboratory examination must be certified by the Secretary of Health and Human Services under the Clinical Laboratory Improvement Act ("CLIA").[6] The federal Department of Health and Human Services issued regulations for CLIA certification.[7] The ADHHS conducts surveys for certification under the supervision of CMS.

In August 2005, ADHHS conducted a recertification survey of the Clinic. The survey revealed deficiencies, and, as a result, the ADHHS informed Cullom that the Clinic's certification would be suspended unless remedial steps were taken.[8] Before Cullom was given

---

[5]Doc. No. 15.

[6]42 U.S.C. §§ 263a1-263a7.

[7]42 C.F.R. §§ 493.1- 493.2001.

[8]Doc. No. 1, Ex. A.

an opportunity to correct the errors, and before he was given a hearing, CMS stepped in and suspended the Clinic's license.[9]  In response, Cullom filed an administrative appeal.

While the appeal was pending, Cullom and CMS settled the dispute.  Under the terms of the settlement, Cullom agreed to implement all recertification recommendations.  He was given three to six months to establish compliance.[10]  According to Cullom, he did everything that was required to regain his certification.  Despite his efforts, an officer with the CLIA Health Facility Services conducted a second survey and, again, denied recertification.

Plaintiffs maintain that CMS, Crawshaw, and the United States are guilty of the following misconduct: (1) they breached the settlement agreement with Collum; (2) they breached a duty of good faith by agreeing to a settlement without any intention of complying with their end of the bargain to recertify the Clinic's lab; (3) they failed to consider the federal regulation's requirements before suspending the certification; and (4) they violated Cullom's right to substantive and procedural due process by arbitrarily suspending certification.

Defendants assert that Plaintiffs' claims should be dismissed for lack of jurisdiction based on the following: (1) they cannot bring a 42 U.S.C. § 1983 claim against the federal government, its agencies or officials; (2) their claims for damages are barred by the Eleventh Amendment to the Constitution; (3) Congress has provided an adequate remedy for their complaints; (4) they failed to exhaust the procedural remedy provided by the CLIA and its regulations.

---

[9]*Id.*, Ex. B.

[10]*Id.*, Ex. 2

3

## II. Standard of Review

When ruling on a motion to dismiss under Rule 12(b)(6), a plaintiff's well-pleaded factual allegations must be taken as true.[11] A motion to dismiss should not be granted unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief.[12] The complaint must contain facts, not conclusions, and a court is not "required to read in missing facts necessary to perfect the claim."[13]

## III. Authority

### A. Section 1983 claim

To state a 42 U.S.C. § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by one acting under color of state law.[14] Without these elements, a claim under § 1983 fails. When a defendant is an arm of the federal government, he acts under color of federal law, not under color of state law.[15] Therefore, the federal government and its officials cannot be sued under 42 U.S.C. § 1983.[16] However, in *Bivens*,[17] the Supreme Court held that damage suits, akin

---

[11]*Veal v. First Am. Sav. Bank*, 914 F.2d 909, 913 (7th Cir. 1990); *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987).

[12]*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

[13]*DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir. 2002).

[14]*Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).

[15]*Schutterle v. U.S.*, 74 F.3d 846 (8th Cir. 1986).

[16]*Williams v. U.S.*, 396 F.3d 412 (D.C. Cir. 2005).

[17]*Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392 (1971).

to § 1983 claims, could be maintained against federal officials for violations of the Constitution.[18] It is important to note that a *Bivens* action is only available against federal officers, not federal government entities.[19]

The Supreme Court recently held that violations of rights, not laws, give rise to § 1983 actions.[20] Because *Bivens* actions are federal § 1983 actions, the same rules apply to *Bivens* actions that are applied to § 1983 actions.[21]

### B. Procedural and Substantive Due Process

Procedural due process claims arise when the government takes away a citizen's constitutionally protected interest in life, liberty, or property. Although it is not unconstitutional to deprive citizens of these rights -- it is unconstitutional if the deprivation occurs without due process of law.[22] In other words, procedural due process is meant to protect persons from an unjustified loss of life, liberty, or property.[23]

In analyzing a procedural due process claim, the first step is to determine whether a plaintiff has a constitutionally protected interest,[24] because due process is only required when

---

[18] *Christian v. Crawford*, 907 F.2d 808 (8th Cir. 1990).

[19] *Hartze v. F.T.C.*, 106 F.3d 1406, 1408 (8th Cir. 1997).

[20] *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).

[21] *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

[22] *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

[23] *Id.*

[24] *Littlefield v. City of Afton*, 785 F.2d 596, 601 (8th Cir. 1986) (explaining the circumstances under which a license or permit is given constitutional protection).

liberty and property interests are involved.[25]  A liberty interest is a fundamental right that is deeply rooted in American tradition, and is "implicit in the concept of ordered liberty."[26]  A property interest is not a fundamental right but stems from independent sources such as state or federal law.[27]  Plaintiffs claim a property interest in a certification renewal.  In order to prevail under these circumstances, Plaintiffs must show more than their own expectation of certification.[28]

A property interest can be created when an independent law imposes tangible limitations on the exercise of official discretion.[29]  The Supreme Court explained that a law creates a constitutionally protected interest when it establishes "substantive predicates" to official decision-making and uses "explicitly mandatory language."[30]

If there is a protected property interest, a court then must decide whether the plaintiff has a right to a predeprivation hearing.[31]  When a state must act quickly, or if it is impractical to provide a predeprivation hearing, a postdeprivation process will satisfy the due process

---

[25]*Williams v. Nix*, 1 F.3d 712, 717 (8th Cir. 1993).

[26]*Moore v. City of East Cleveland, Ohio*, 431 U.S. 494, 504 (1977).

[27]*Stauch v. City of Columbia Heights*, 212 F.3d 425, 429 (8th Cir. 2000).

[28]*Movers Warehouse Inc. v. City of Little Canada*, 71 F.3d 716, 718 (8th Cir. 1995).

[29]*Stauch*, 212 F.3d at 429.

[30]*Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 461 (1989); see also *Forrester v. Bass*, 397 F.3d 1047, 1056 (8th Cir. 2005) (holding that despite explicit language requiring DFS officials to comply with certain procedures, the statutes contain no substantive predicates expressly limiting the discretion of DFS officials by mandating the outcome to be reached upon a finding that the relevant criteria have been met).

[31]*Littlefield*, 785 F.2d at 600.

requirements.[32]  If this is the case, and a plaintiff does not take advantage of these postdeprivation remedies, then there is no violation of procedural due process.[33]

Substantive due process forbids certain government actions despite the fairness of the procedures.[34]  Instead, substantive due process prevents the oppressive use of official power.[35]  To establish a violation of substantive due process, a plaintiff must show deliberate, irrational conduct by a federal officer which shocks the conscience.[36]

### C.  Sovereign Immunity and Jurisdiction of Contract Claims

To sue the United States, a plaintiff must show a waiver of sovereign immunity and a grant of subject matter jurisdiction.[37]  Under the Administrative Procedure Act ("APA"), the United States waived its sovereign immunity with regard to federal agency action.[38]  Under

---

[32] *United States v. James Daniel Good Real Property*, 510 U.S. 43, 53 (1993).

[33] *Zinermon*, 494 U.S. at 126.

[34] *Daniels v. Williams*, 474 U.S. 327, 331 (1986).

[35] *Id.*

[36] *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004); *Creason v. City of Washington*, 435 F.3d 820, 824 (8th Cir. 2006).

[37] *V S Ltd. Partnership v. Department of Housing*, 235 F.3d 1109, 1112 (8th Cir. 2000).

[38] 5 U.S.C. § 702 (stating that a person suffering a legal wrong due to agency action is entitled to judicial review).

*Bivens*, a plaintiff can sue federal officials for constitutional violations,[39] and, under limited circumstances, the Tucker Act waives the United States' immunity in contract actions.[40]

In this case, Plaintiffs allege jurisdiction of their claims based on federal agency misconduct, constitutional violations, and breach of a settlement agreement. Federal district courts have original jurisdiction to entertain claims based on agency action and civil rights violations.[41] But, district courts do not have jurisdiction after such claims are settled -- unless the court specifically retains jurisdiction to finalize a settlement.[42]

In view of this, district courts do not have inherent jurisdiction to enforce settlement agreements of dismissed claims.[43] Instead, enforcement of the agreement is a separate contract action that must have its own basis for jurisdiction.[44]

The basis for jurisdiction of a contract action against the federal government is founded on the Tucker Act.[45] Even though this Act waives federal immunity for contract claims, the

---

[39]*Bivens*, 403 U.S. at 392 (holding that a plaintiff is entitled to recover money damages for injuries suffered as a result a federal officer's misconduct).

[40]28 U.S.C. § 1491; *V S Ltd. Partnership*, 235 F.3d at 1112 (explaining that the Tucker Act waives federal sovereign immunity in contract claims).

[41]28 U.S.C. § 1331; see *Porter v. Williams*, 436 F.3d 917 (8th Cir. 2006) (explaining that the district court has original jurisdiction under § 1331 to hear civil rights claims); see also *Califano v. Sanders*, 430 U.S. 99, 107 (1977) (jurisdiction to review agency action is found in § 1331).

[42]*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994).

[43]*Id.*

[44]*Id.*; see also *Miener v. Missouri Dept. of Mental Health*, 62 F.3d 1126, 1127 (8th Cir. 1995) (holding that the district court lacked jurisdiction over an action to enforce a settlement agreement reached in an earlier federal lawsuit ).

[45]28 U.S.C. § 1491; see also 28 U.S.C. § 1346(a)(2) (known as the Little Tucker Act).

waiver is restricted.  The claims must seek monetary relief, not equitable relief, and damages must exceed $10,000.[46]  Moreover, the claims must be brought in the Court of Federal Claims, which has exclusive jurisdiction.[47]

## III.  Discussion

### A.  Section 1983 Claim

Cullom and the Clinic allege that CMS and Crawshaw violated due process by arbitrarily suspending the Clinic's laboratory certification before a hearing was held.  They sued under 42 U.S.C. § 1983.  CMS and Crawshaw assert that federal officers and agencies can't be sued under § 1983.  Defendants are right -- § 1983 claims apply only to state, not federal actors.

On the other hand, plaintiffs can sue federal officials under *Bivens*.[48] Applying the standards governing motions to dismiss, pleadings are entitled to liberal construction.  So, when construed as a *Bivens* action, Plaintiffs state a claim against Crawshaw in her individual capacity.[49]  However, Plaintiffs do not state a *Bivens* claim against CMS, because federal agencies can't be sued under *Bivens*.[50]

---

[46]*United States v. Mitchell*, 463 U.S. 206, 216 (1983) (explaining that, in order for a claim to be brought under the Tucker Act, it must be for money damages against the United States).

[47]*V S Ltd. Partnership*, 235 F.3d at 1112.

[48]*Bivens*, 403 U.S. at 392.

[49]*Id.*

[50]*Id.*

### B. Procedural and Substantive Due Process

To establish a legally sufficient *Bivens* claim, Crawshaw's actions must have allegedly violated a constitutionally protected right. Since lab certifications do not meet the definition of a liberty interest,[51] the certification must be shown to be a property interest.

To make that determination, the CLIA, and its regulations,[52] must be examined to determine if substantial restrictions are placed on agency discretion.[53] Substantial restrictions are characterized by "explicit mandatory language."[54] "Must" and "shall"[55] are examples of mandatory language -- while the word "may"indicates that an agency has discretion to do what it deems necessary.[56]

The CLIA states in pertinent part: "The Secretary[57] *may* issue or renew a certificate for a laboratory only if the laboratory meets the requirements of . . . this section."[58] The relevant regulation states: "Basic rule. Except as provided in paragraph (d)(2) of this section, CMS does not suspend or limit a CLIA certificate until after an ALJ hearing decision . . . .[except that]

---

[51]*Id.* (defining a liberty interest as a fundamental American right).

[52]42 C.F.R. §§ 493.1- 493.2001.

[53]*Stauch*, 212 F.3d at 429.

[54]*Thompson*, 490 U.S. at 463.

[55]*Id.* (citing the use of the word "shall" as indicative of mandatory language).

[56]*Id.* (citing the word "may" as giving prison officials discretion).

[57]The Secretary of Health and Human Services.

[58]42 U.S.C. § 263a(c)(1) (emphasis added).

CMS *may* suspend or limit a CLIA certificate. . . .[if] the laboratory's deficiencies pose immediate jeopardy."[59]

The CLIA's language is not mandatory -- it does not absolutely require the Secretary to issue certifications once specifications are met. Instead, the Secretary *may* issue certifications, if a laboratory complies with the Act.

The CLIA's regulations require an administrative hearing before a certification is suspended. But, such a hearing may be bypassed if the agency decides that the deficiencies pose an immediate threat, which is what happened in this case -- Crawshaw determined that the there was an immediate threat.[60] An analysis of the regulation language reveals that CMS is given the discretion to determine if there is an immediate threat, and, once that determination is made, CMS may bypass a hearing.

In fine, neither the CLIA, nor its regulations create a property interest in laboratory certifications. So, without a property interest, due process is not required to suspend such certifications. Crawshaw had complete discretion to make a decision to suspend Plaintiffs' lab certification. Plaintiffs may seek an administrative remedy without invoking the Constitution.

Even if I found that the CLIA created a property interest in lab certifications there remains no legal basis for a procedural or substantive due process claim. The post deprivation process under the CLIA is adequate to meet procedural due process requirements. Moreover, Plaintiffs did not allege sufficient facts to support a substantive due process claim, because there

---

[59]42 C. F. R. § 493.1840 (emphasis added).

[60]Doc. No. 1, Ex. B.

are no allegations that Crawshaw acted in a deliberate, irrational, and conscious-shocking manner.

### C.  Sovereign Immunity and Jurisdiction in Contract Claims

Plaintiffs allege that CMS breached the agreement which settled their administrative appeal.  A claim such as this, that attempts to enforce a settlement agreement, is a contract claim. While the United States has waived its immunity with respect to contract actions, district courts are not given subject-matter jurisdiction over such claims.  Under the Tucker Act (and the little Tucker Act), Plaintiffs must bring their contract action in the Court of Federal Claims.

## IV.  Conclusion

Plaintiffs fail to state a cause of action under 42 U.S.C. § 1983 because they sued federal, not state agencies.  There is no *Bivens* action against Crawshaw, because Plaintiffs were not deprived of a constitutionally protected property interest.  Finally, I do not have subject-matter jurisdiction over Plaintiffs' contract claim against CMS.

Defendants' Motion to Dismiss is GRANTED; Defendants' Motion for Reconsideration is DENIED AS MOOT; Plaintiffs' Motion for a Temporary Restraining Order is DENIED. Plaintiffs' 42 U.S.C. § 1983 action is DISMISSED WITH PREJUDICE.  Plaintiffs' breach of contract claim is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED dated this 27th day of April, 2007.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE